UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER JAMES SUONG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA JUDICIAL OFFICERS,<br><br>　　　　　Defendants. | No. 2:25-cv-3217 CSK (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Tyler James Suong, a state prisoner proceeding pro se, attempts to bring this action on behalf of the United States, and claims he is the affiant in this action attempting to charge two California Judicial Officers with, among other things, "federal kidnapping."[1] (ECF No. 1 at 6.) The Court finds that the instant complaint should be dismissed without leave to amend.

I.　SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

---

[1] Affiant filed an application to proceed in forma pauperis. However, because the Court finds this complaint must be dismissed, the Court recommends that affiant's application be denied.

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
8  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
9  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
10 1227.
11   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
12 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
13 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
14 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
15 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
16 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
17 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
18 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
19 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
20 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
21 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
22 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
23 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
24 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).
25 II.    AFFIANT'S BACKGROUND
26   In the complaint, affiant references California Supreme Court Case No. S292192,
27 California Court of Appeal Case No. F0900002, and California Superior Court Case No.
28 F07900009, which appear to relate to affiant's underlying criminal conviction.  (ECF 1 at 1.)

Affiant is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") serving an indeterminate sentence of 75-years-to-life pursuant to a judgment of the Superior Court of California, County of Fresno, based on affiant's 2007 conviction. Suong v. Cate, 2014 WL 727138, at *1 (E.D. Cal. Feb. 24, 2014), report and recommendation adopted, 2014 WL 12952769 (E.D. Cal. June 13, 2014).[2] On June 13, 2014, affiant's petition for writ of habeas corpus under 28 U.S.C. § 2243 was denied. Suong v. Cate, 2014 WL 12952769, at *1 (E.D. Cal. June 13, 2014).

On December 7, 2020, affiant's second petition for writ of habeas corpus under 28 U.S.C. § 2254 was dismissed. Suong v. Koenig, 2020 WL 8877668, at *2 (E.D. Cal. Dec. 7, 2020).

III.    DISCUSSION

Among various alleged state law violations, affiant claims a violation of 18 U.S.C. § 1201, federal kidnapping, and seeks the issuance of federal arrest warrants. (ECF No. 1 at 6, 18.) Title 18 covers federal crimes liability. Affiant cannot bring a claim under Title 18 or any other criminal statute in a civil case. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) ("criminal provisions, however, provide no basis for civil liability."); Redmond v. United States, 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) ("private individuals lack standing to assert claims for relief based on criminal statutes.") (collecting cases). "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Therefore, "[i]ndividuals cannot file criminal charges in the United States District Court. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office." :Candy-Anh-Thu:Tran v. Daniel, 2017 WL 6513414, at *2 (N.D. Cal. Dec. 20, 2017) (citing Harbor v. Kim, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017)) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority"); see also United States v. Nixon, 418 U.S. 683, 693 (1974) (noting that the executive branch has "exclusive authority and

---

[2] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

3

absolute discretion to decide whether to prosecute a case"). Accordingly, affiant lacks standing to bring the claims alleged in his complaint. See Aldabe, 616 F.2d at 1092. If affiant believes the defendants engaged in criminal conduct, he must contact federal law enforcement or the United States Attorney's Office and present the facts supporting that belief to them.

IV.     STATE LAW CLAIMS

Affiant also claims violations of California Penal Code Section 32 (harboring a felon), California Penal Code Section 207(a) (kidnapping), and California Elections Code Sections 18500 and 18501.[3] Just as with federal criminal charges, affiant has no standing to bring criminal charges based on state law. See Dix v. Superior Court, 53 Cal. 3d 442, 453-54 (1991) (["R]ecognition of citizen standing to intervene in criminal prosecutions would have 'ominous' implications. . . . It would undermine the People's status as exclusive party plaintiff in criminal actions, interfere with the prosecutor's broad discretion in criminal matters, and disrupt the orderly administration of justice.") (citations omitted); Harbor, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017).

To the extent affiant attempts to raise other, noncriminal state law claims, while the Court may exercise supplemental jurisdiction over state law claims, affiant must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

V.      LEAVE TO AMEND FUTILE

A pro se litigant is ordinarily entitled to leave to amend a defective complaint so that he has an additional chance to state a proper claim for relief. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000). But that rule does not apply when "the basic facts are alleged and have been analyzed" from a litigant's pleadings, and it is apparent that affiant cannot cure the flaws in his claims. Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002). Here, giving affiant leave to amend would be futile, as he does not have standing to pursue alleged criminal violations. Thus, granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

---

[3] These sections were not referenced in Westlaw, but affiant claims they implicate elections fraud. (ECF No. 1 at 4.)

4

VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk shall assign a district judge to this case.

IT IS HEREBY RECOMMENDED that affiant's application to proceed in forma pauperis (ECF No. 3) be denied, and the instant complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, affiant may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Affiant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 10, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/suon3217.56

5